IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OR ARKANSAS
FORT SMITH DIVISION

JESSIE L. GASKEY                                                                 PLAINTIFF

v.                            CIVIL NO. 02-2266

LINDA S. MCMAHON,[1] Commissioner
Social Security Administration                                          DEFENDANT

**O R D E R**

Before the court is counsel's request for approval of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. # 21).

**Procedural Background**:

On June 14, 2006, plaintiff filed an amended motion for the approval of attorney's fees pursuant to 42 U.S.C. § 406(b), requesting defendant be directed to provide a Notice of Award and to account for the funds withheld from plaintiff's past-due benefits and to award plaintiff's counsel an appropriate fee. (Doc. # 21).

On June 27, 2006, this court directed defendant to provide this court with a Notice of Award for the first set of applications for benefits filed by plaintiff, dated March 1, 2001, and March 26, 2001, and to provide a full accounting of all past-due benefits withheld. (Doc. # 23).

On July 24, 2006, defendant responded arguing that the relevant past-due benefits at issue should only be for the time period between October of 2000 through July of 2002, and that plaintiff

---

[1] Linda S. McMahon became the Social Security Commissioner on January 20, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

was not entitled to any further payment under 42 U.S.C. §406(b). (Doc. # 26). Defendant also provided a Notice of Award for Supplemental Security Income[2] (SSI) for the March 1, 2001, SSI application, and what appears to be a partial payment worksheet for the Disability Insurance Benefit (DIB) application filed on March 26, 2001. (Doc. # 26 exhibit's 3 & 4).

On July 31, 2006, plaintiff filed a reply arguing that there were two sets of applications filed on behalf of plaintiff and that the entire amount of past-due benefits should be included when calculating attorney's fees pursuant 42 U.S.C. § 406(b). (Doc. # 27). Plaintiff argues that prior documents indicate plaintiff's past-due benefits amounted to $62,836.00, and that plaintiff's counsel was entitled to twenty-five percent of plaintiff's past-due benefits minus the fees received at the administrative level.

On August 2, 2006, this court directed defendant to file Notice of Award for DIB for the application dated March 26, 2001. (Doc. # 28). If the original notice was not available, this court directed defendant to generate a document reflecting the final amount of past-due benefits of which plaintiff was entitled with regard to the March 26, 2001, application, giving an articulate explanation on how the figure was derived. Defendant was further directed to explain why plaintiff was sent a check for $6,554.20 from the administration.

On October 2, 2006, defendant filed a response to the court's August 2, 2006, Order. (Doc. # 31). Defendant states that no Notice of Award was issued for plaintiff's March 26, 2001, application for DIB. Defendant reported that for the time period of October of 2000 through

---

[2] The court does not have the authority to direct the Commissioner to withhold from past-due benefits, from an SSI application, for attorney's fees to be paid to plaintiff's counsel pursuant to 42 U.S.C. § 406(b). See *Bowen v. Galbreath*, 485 U.S. 74 (1988).

AO72A
(Rev. 8/82)

December of 2002, plaintiff was entitled to $17,063.00 in past-due benefits.[3] Defendant reported for the period of January 2003 through January 2004, plaintiff's past-due benefits totaled $11,203.00, as was explained in the Notice of Award issued on March 6, 2004.[4] (Doc. # 31, Exhibit C). The March 6, 2004, Notice of Award, indicates plaintiff's counsel was entitled to no more than $2,800.75 for her work on be-half of plaintiff. Defendant argues that there are two separate past-due benefit payments involved and that plaintiff's counsel received her fees for work performed on the subsequent application, the $2,800.75, and that plaintiff is not entitled to any fees pursuant to 42 U.S.C. § 406(b) for the March 26, 2001, DIB application. With regard to the March 26, 2001, application, defendant argues plaintiff's counsel is only entitled to twenty-five percent of plaintiff's past due benefits or $4,265.75, and that plaintiff received $5,300.00 at the administration level and therefore received $1,034.25 more than she was entitled. As for the $6,544.20, defendant reports this money was sent to plaintiff as a result of an underpayment caused by a mis-calculation of attorney's fees. (Doc. # 31, Exhibit D).

On October 27, 2006, plaintiff filed a reply stating that defendant's Exhibit A (Doc. # 31, Exhibit A) was to a significant extent illegible and that it clearly showed it was revised on September 22, 2006. (Doc. # 32). Plaintiff further argues defendant failed to explain the $15,709.17 originally withheld for attorney's fees as shown in Exhibit B. (Doc. # 31, Exhibit B). Plaintiff's counsel argues if plaintiff's past-due benefits totaled $17,063.00 she would want to know how plaintiff's counsel was paid a fee of $5,300.00 in addition to the $2,800.75. With regard

---

[3]Defendant provided documentation reporting plaintiff was entitled to a total of $6,392.00 from April 2001 through November 2001 ($799.00 per month), $9,840.00 from December 2001 through November 2002 ($820.00 per month) and $831.00 in December of 2002. (Doc. # 31, Exhibit A & B).

[4]The court notes this pertains to subsequent applications for benefits that were approved at the administrative level. Pursuant to the subsequent applications, plaintiff was found to be disabled as of July 19, 2002. (Doc. # 31, Exhibit C).

3

to the $6,544.20 check sent to plaintiff, plaintiff's counsel questions how plaintiff had both an overpayment and an underpayment of benefits. Plaintiff's counsel argues since defendant had not clarified the back pay and that she is entitled to a payment under 42 U.S.C. § 406(b) based on the $15,709.17 less the $5,300.00 paid for work performed at the administrative level with the lessor of the EAJA or the 406(b) fee being refunded to plaintiff.

**Applicable Law:**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). The relevant portion of that statute reads, "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits to which the claimant is entitled by reason of such judgment." This fee is payable out of, and not in addition to, the amount of claimant's past-due benefits.

In 1980, Congress enacted the Equal Access to Justice Act (EAJA), providing for fees payable by the United States. These fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d)(1)(B). Unlike fees under § 406(b), these fees are paid in addition to, and not out of, the amount withheld from claimant's past-due benefits for the payment of attorney's fees.

Recovery of an attorney's fee under both EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See* Equal Access to Justice Act, Extension and Amendment, P.L. No. 99-80, 99 Stat. 183 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D. Ohio 1985).

Furthermore, awarding fees under both Acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable Government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984). However, claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

**Discussion:**

The record shows plaintiff's counsel received compensation for work performed on plaintiff's March 26, 2001, application for benefits at the federal court level pursuant to the EAJA. An Order dated October 1, 2004, entered by this court granted plaintiff's counsel $2,418.47 for 19.00 hours of work at an hourly rate of $125.00, and $43.47 in expenses. (Doc. # 17). We will now address plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b).

Plaintiff's counsel argues that pursuant to 42 U.S.C. § 406(b) she is entitled to $10,409.17 in attorney fees for work performed before this court. Plaintiff's counsel states according to a Notice of Change of Benefits dated May 9, 2005, $15, 709.17 was withheld from plaintiff's past-due benefits for attorney fees. (Doc. # 18, Exhibit B). Plaintiff's counsel provided documentation showing she received $5,300.00 for work performed at the administrative level on plaintiff's behalf, and requests the remaining $10, 409.17 be granted to her for work performed on plaintiff's behalf at the federal court level. (Doc. # 18, Exhibit C).

Defendant argues that there are two separate DIB applications and that plaintiff's counsel received compensation in the amount of $2,800.75 for the subsequent application which included

5

the time period of January 2003 through January of 2004, and that the relevant past-due benefit amount for the March 26, 2001, DIB application that came before this court, totals $17,063.00, twenty-five percent of which is $4,265.75. As plaintiff's counsel is only entitled to a maximum of twenty-five percent of the total of plaintiff's past-due benefits, defendant contends plaintiff's counsel was overpaid in the amount of $1,034.25 ($5,300.00 - $4,265.75).

Attorney fees in Social Security cases are bifurcated into two categories: time before the Agency and time before the courts. 42 U.S.C. § 406(a)-(b). Plaintiff's counsel cannot request an award of attorney fees from the court for hours spent before the Agency. *Id.* As set out in §§ 406(a) and (b), the statute deals with the administrative and judicial review stages discretely. Administrative representation is governed by § 406(a). Proceedings in court were addressed separately by Congress providing for fees when there is "a judgment favorable to a claimant."42 U.S.C. § 406(b)(1)(A). The statute provides that the fee must be reasonable, not to, in any case, exceed twenty-five percent of the awarded past-due benefits. Similarly, plaintiff's attorney may petition the Commissioner for an award of attorney fees in connection with the attorney's services in proceedings before the Commissioner. 42 U.S.C. § 406(a)(2)(A). The amount granted at the administrative level is deducted from the twenty-five percent of past-due benefits held; however, this court may only award fees for work done before it; it may not approve fees for work done before the Commissioner. *Gowen v. Bowen*, 855 F.2d 613 (8th Cir. 1988); *Fenix v. Finch*, 436 F.2d 831 (8th Cir. 1971).

In the present case, the evidence reveals that two separate applications for DIB benefits were filed and granted on behalf of plaintiff. The Notice of Award dated March 6, 2004, clearly states plaintiff was entitled to benefits beginning in January of 2003, and reports that plaintiff's total past-due benefit amount for the time period of January 2003 through January of 2004 was

6

$11,203.00. This Notice of Award further states plaintiff's counsel is eligible for up to $2,800.75 or twenty-five percent of the $11,203.00 for work performed on behalf of plaintiff. Both plaintiff's counsel and defendant acknowledge that plaintiff's counsel received this $2,800.75. (Doc. #'s 20 p. 4, 22 p. 4). Plaintiff's counsel received the full twenty-five percent of plaintiff's past-due benefits for this subsequent application for DIB at the administrative level.

Therefore, at issue is plaintiff's past-due benefits from the time period of October 2000 through December of 2002. Plaintiff's counsel argues that the exhibit calculating the representative fee case past-due summary is illegible and was also revised in September of 2006. The court has reviewed this exhibit and agrees that the document is difficult to read. (Doc. 31, Exhibit A). However, both defendant and plaintiff have submitted the same May 9, 2005, Notice of Change of Benefits, which reports that plaintiff was entitled to a total of $17,063.00 in past-due benefits for the period of October of 2000 through December of 2002. (Doc. # 18 Exhibit B, # 31 Exhibit B). Twenty-five percent of $17,063.00 is $4,265.75. Since plaintiff's counsel received $5,300.00 at the administrative level for work performed on behalf of plaintiff regarding the March 26, 2001, application for benefits, which is greater than the allowed twenty-five percent of the past-due benefits at issue, we agree with defendant that plaintiff's counsel was overpaid in the amount of $1,034.25.

As for the $15,709.17, reported as the amount of past-due benefits withheld for attorney fees, a review of Exhibit D filed by defendant on October 2, 2006, indicates that plaintiff has filed two applications for benefits and that the attorney fees withheld for one application was $2,800.75.[5] (Doc. # 31 Exhibit D). A notation dated December 19, 2004, reports that an incorrect

---

[5] The court notes this is the sum plaintiff's counsel received in connection with her work performed on plaintiff's subsequent application for benefits that did not come before this court and pertains to the time period of January 2003 through January 2004.

7

amount of attorney fees, amounting to $12,908.42, was withheld and that the correct amount that should have been withheld was $4,111.75. The sum of the $2,800.75 withheld for fees in the subsequent application and the original incorrect amount of $12,908.42 for the fees withheld for the application in question equals $15,709.17. However, the evidence provided by defendant clearly shows that this was an error in the calculation of attorney fees available. This court notes that defendant did finally provide the documentation needed to track the attorneys fees available however in the future defendant should explain all the numerical calculations at issue and give an explicit explanation of how that calculation was derived.

**Conclusion:**

In light of the finding that plaintiff's counsel received greater than the maximum allowable fee of twenty-five percent of plaintiff's past-due benefits at the administrative level for the March 26, 2001, application of benefits before the court, plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b) is DENIED.

IT IS SO ORDERED this 8th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)